## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Hawthorne Grande Limited Partnership, | ) | The Honorable Carol A. Doyle |
| | ) | Case No. 07 B 20082 |
| Debtor. | ) | |

## FINAL ORDER PROVIDING ADEQUATE
## ASSURANCE OF PAYMENT TO UTILITIES
## AND SETTING FINAL HEARING DATE

This matter having come before the Court on the Debtor's Motion for Interim and Final Orders Providing Adequate Assurance of Payment to Utilities (the "**Motion**")[1], it appearing to the Court that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; (iv) proper and adequate notice of the Motion, the interim and final hearings, and the Debtor's proposed adequate assurance deposit for each utility identified in the Motion has been given, and that no other or further notice is necessary; (v) no utility filed a timely objection requesting assurance of future payment for utility service in an amount greater than the payment proposed in the Motion; (vi) Progress Energy having made a timely request for an Adequate Assurance Deposit greater than the Adequate Assurance Deposit set forth on Exhibit A to the Motion; and (vii) upon the record herein after due deliberation thereon, that the relief should be granted as set forth in this Order, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.  The Utilities are prohibited from altering, refusing, or discontinuing services to the Debtor on account of prepetition invoices pending entry of a final order granting the relief requested herein.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

454894.4 054386-40957

2. The Debtor shall provide an Adequate Assurance Deposit to each Utility that requests such a deposit in the amount set forth on Exhibit A to the Motion; provided, however, that such a request must be made in writing to Debtor's counsel, Richard M. Bendix, Schwartz Cooper Chartered, 180 N. LaSalle St., Suite 2700, Chicago, Illinois 60601, so that it is received no later than 5:00 p.m. (central time) on November 28, 2007 (the "**Request Deadline**"); and provided further that the Debtor is authorized to pay Progress Energy the $14,635 deposit which it requested. A Utility's request for and acceptance of an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code. Likewise, any Utility that does not request an Adequate Assurance Deposit by the Request Deadline and does not file an Adequate Assurance Objection to this Motion shall be deemed to have adequate assurance that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code.

3. Any Adequate Assurance Deposit requested by, and provided to, any Utility that has not already been returned or applied shall be returned to the Debtor at the conclusion of this case.

4. The Debtor shall, by facsimile, electronic mail, Federal Express or other overnight air courier, not later than 5:00 p.m. (Central time) on the first business day after entry of this Order, deliver a copy of this Order to the Utilities, IndyMac Bank, F.S.B., the twenty (20) largest unsecured creditors of the Debtor, the United States Trustee and all other parties in interest who have requested notice of matters in this proceeding.

5. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation of this Order.

Dated: 11/27/07

ENTERED: _____
UNITED STATES BANKRUPTCY JUDGE